**DROBNE, Plaintiff-Appellee, v. AETNA CASUALTY AND SURETY COMPANY, Defendant-Appellant.**

Ohio Appeals, Seventh District, Belmont County.

No. 857.   Decided December 7, 1950.

Matz & Cinque, Bellaire, for plaintiff-appellee.
Kinder & Kinder, Martins Ferry, for defendant-appellant.

## OPINION
By PHILLIPS, PJ.

In this opinion the parties will be called plaintiff and defendant.

Defendant, a corporation, executed and delivered to plaintiff a policy of insurance on his automobile dated May 2, 1947, in which it promised:—

"To pay to or for each person who sustains bodily injury, caused by accident, while in or upon, entering or alighting from (1) the automobile classified as 'pleasure and business' if the injury arises out of the use thereof by or with the per-

mission of the named Insured or (2) any other private passenger automobile with respect to the use of which insurance is afforded under Insuring Agreement V of this policy, if the injury arises out of the use thereof and results from (a) the operation of said automobile by the named insured or spouse or by a private chauffeur or domestic servant or either of (b) the occupancy of said automobile by the named Insured or spouse, the reasonable expense of necessary medical, surgical, ambulance, hospital and professional nursing services and, in the event of death resulting from such injury, the reasonable funeral expense, all incurred within one year from the date of accident. The insurance afforded with respect to such other valid and collectible medical payments insurance applicable thereto."

Plaintiff's wife was injured on May 23, 1947, while a passenger in that automobile.

Plaintiff sued defendant in the court of common pleas to recover $932.45 for hospital, medical and surgical expenses incurred by him within one year from the date of the receipt and as the result of such injuries.

The evidence discloses that $197.45 of such expenses were not incurred within one year from the date of the receipt of such injuries, and accordingly the trial judge withdrew that amount from the consideration of the jury.

Defendant admitted owing plaintiff $135.00, the amount it claimed was incurred during the one year period from the date of such accident, but claimed that $600.00 of such expenses was not incurred until after May 25, 1948.

The jury returned a verdict for the plaintiff for $735.00, upon which the trial judge subsequently duly entered judgment. It is from that judgment defendant appealed to this court on questions of law.

In its assignments of error defendant contends the trial judge "erred in charging the jury; in not ordering a remittitur; in overruling the motion of defendant-appellant for a new trial"; and contends such "judgment is excessive; not in conformity with the evidence"; that "the verdict of the jury and judgment of the court are manifestly against the weight of the evidence and are contrary to law"; and claims "other error of law occurring at the trial and objected and excepted to by this defendant-appellant."

Plaintiff's evidence discloses that he made a partial payment on such sum of $600.00 to Dr. Weiler on May 18, 1948 and that the balance was paid to him within a few days thereafter. While admitting that $5.00 was paid on that date, defendant contends that the amount plaintiff and Dr. Weiler claims was paid on that date is not correct. Thus a question was pre-

sented for the determination of the jury. As the result of reviewing the bill of exceptions submitted to us carefully we cannot disturb such verdict on the ground that it is excessive.

In his general charge to the jury the trial judge left the time of payment of such $600.00 item of expense to the jury and instructed them with reference thereto as follows:—

"The court says to you, however, that if plaintiff did engage Dr. Weiler to perform or have performed certain necessary medical or surgical services upon his wife, which services were necessary due to said wife's injuries, for which liability is imposed against the defendant, and a contract was entered into by and between plaintiff and Dr. Weiler before the expiration of one year from the twenty-third day of May, 1947; and that, under the terms and conditions of said contract, plaintiff was legally bound to pay and did pay Dr. Weiler the sum of $600.00, or whatever amount you may find he did pay, if any, before the expiration of the one year period, and that Dr. Weiler afterwards complied with said contract upon his part to be performed then it can be said, as a matter of law, that plaintiff incurred such liability within the period of one year. However, if you find that the payment, if any, was made after the expiration of one year from May 23, 1947, such part as was paid after the expiration of said one year period would not be comprehended within the term 'expenses incurred within the year' as used in said policy contract; and therefore, the defendant would not be liable for any such payments made after the expiration of said year."

Considering the evidence submitted to us in the case we review in our opinion the trial judge did not err in his charge to the jury in the respects urged by defendant.

Appellant's counsel has failed to call our attention to "othei error of law occurring at the trial and objected and excepted to by this defendant-appellant," as alleged as a ground of error, nor to comply in respect thereto with the provisions of Rule VII of this court that his brief "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record. as is necessary to show how the questions arose, together with a statement of the authorities relied upon." Accordingly we will not pass upon this assigned ground of error

We find no error prejudicial to defendant in any of the other respects charged by it in its assignment of errors.

The judgment of the court of common pleas is affirmed.

NICHOLS, J, GRIFFITH, J, concur in judgment.