37116. PILOT LIFE INSURANCE COMPANY *v.* STEPHENS *et al.*

DECIDED APRIL 22, 1958.

*Robert D. Tisinger,* for plaintiff in error.

*Shirley C. Boykin, Wm. P. Johnson,* contra.

QUILLIAN, Judge. 1. The insurance policy provides that the defendant is liable for all reasonable treatment, confinement or services which shall have commenced within 60 days after the accident causing such injury, and shall have occurred within 12 months after the accident causing such injury.

This provision of the policy which provides that the defendant is not liable for treatment, confinement or services which are not rendered within a twelve-month period of the date of the injury is unambiguous. Under the provision of the policy the plaintiff is not entitled to recover for the alleged hospital expenses because they were incurred subsequent to twelve months after the injury was incurred. However, the petition also sought the recovery of a bill owed to Dr. Warner. The petition having alleged that Dr. Warner treated the plaintiff from May 26, 1955 through the date of the operation, the plaintiff would be entitled to recover the fee due for his services during the twelve-month period after the date of the injury. The trial judge did not err in overruling the general demurrer to the petition.

2. Upon the trial of the case Janice Stephens testified in part that: "Pilot Life Insurance Company paid Dr. Bass and Dr. Warner for the dates prior that Dr. Warner operated on my hand. So, what I seek to recover in this suit is for the service fee of Dr. Warner and the hospital bill of Piedmont Hospital, and that is for the treatment accorded to me in July 1956 and some days thereafter."

This uncontradicted evidence established the fact that the defendant paid for the medical services which were rendered during the twelve-month period subsequent to the date of the injury. Under the ruling made in division 1 of this opinion the defendant fully complied with the requirements of the insurance contract. The evidence demanded a verdict for the defendant and the judge erred in denying the motion for a judgment notwithstanding the verdict.

*Judgment reversed, with direction that the trial judge enter judgment for the defendant notwithstanding the verdict. Felton, C. J., and Nichols, J., concur.*