## 39958. COTTON STATES MUTUAL INSURANCE COMPANY v. PHILLIPS.

Decided May 23, 1963—Rehearing denied June 19, 1963.

Hull, Willingham, Towill & Norman, Walter A. Reiser, Jr., for plaintiff in error.

William C. Calhoun, contra.

Carlisle, Presiding Judge. It appears from the record in this case that the plaintiff Cotton States Mutual Insurance Company issued a policy of automobile liability insurance to the defendant, W. L. Phillips. While the policy was in force, Phillips was involved in an automobile collision with an automobile driven by Homer B. Mobley and in which Mobley's wife, Jurita, and two minor children were riding, all of whom were injured. As a consequence thereof, a suit was filed against Phillips in the U. S.

District Court for the Southern District of Georgia by Homer B. Mobley seeking to recover property damage to his automobile in the amount of $2,127.29, medical expenses for himself, his wife and children in the amount of $4,832.95, disability, pain and suffering to his own person in the amount of $20,000, and loss of consortium and services of his wife in the amount of $10,000. The jury returned a verdict for Mobley against Phillips in the amount of $10,000.

Jurita F. Mobley also filed suit in the same court in which she claimed damages for her personal injuries, disability and pain and suffering in the amount of $72,631.40. The jury returned a verdict in her favor and against Phillips in the amount of $22,500.

The policy issued by the plaintiff insuring Phillips' liability carried a limitation with respect to bodily injury liability of $10,000 for each person, and $20,000 for each occurrence, and a limitation with respect to property damage of $5,000 for each occurrence. With respect to the bodily injury liability the policy provided: "The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person as the result of any one occurrence; the limit of such liability stated in the declarations as applicable to 'each occurrence' is, subject to the above provision respecting each person, the total limit of the company's liability for all such damages arising out of bodily injury sustained by two or more persons as the result of any one occurrence."

During the course of the trial of the cases against Phillips in the U. S. district court, the trial judge was requested to instruct the jury that in the Homer B. Mobley case they should separate their verdict into separate amounts for bodily injury to each person and separate amounts for property damage. The trial judge refused this request and no appeal was taken on that ruling after the jury brought in a lump sum verdict. The plaintiff insurance carrier participated in the case in the U. S. district court, but after the verdict and judgment refused to pay any amount on those judgments, and execution was issued and levied

on the defendant Phillips' property. Thereafter the insurance company brought this declaratory judgment action seeking an adjudication as to the extent of its liability under the policy. The defendant, Phillips, filed an answer and cross action in which he sought to have the court adjudge that because of the failure of the insurance company to settle the case (it being affirmatively alleged that offers of settlement within the policy limits were made) it was liable for the full amount of the judgments rendered, even though in excess of the policy limits, and that the plaintiff was guilty of bad faith in not settling the claims of the Mobleys within the policy limits and therefore liable for damages and attorney fees. However, no exception is made as to the failure of the trial judge to rule that the insurer's failure to settle the case within the policy limits before trial rendered the insurer liable for the entire verdict. Accordingly, we wish to emphasize that we make no ruling on this point. No evidence was introduced, but the court, sitting without a jury, heard the case on the record and an agreed statement showing substantially the foregoing facts, and after hearing argument entered a judgment finding that the plaintiff was liable to the defendant on the judgment of Homer B. Mobley in the amount of $10,000, and liable to the defendant on the judgment of Jurita F. Mobley in the amount of $10,000, and further finding that the plaintiff, in failing to pay the $10,000 judgment rendered in the case of Homer B. Mobley v. W. L. Phillips, was guilty of bad faith but finding no amount as damages on account thereof.

1. The declarations at the front and beginning of the policy read in part: "Limits of Liability . . . 10 thousand dollars each person, 20 thousand dollars each occurrence . . . Bodily Injury Liability." On page 2 of the policy, which is in the form of a 10-page booklet to which the declarations are attached, under "Part I—Liability . . . Limits of Liability," appears the provision quoted in the statement of facts above.

The insurer contends that it is not liable on Homer B. Mobley's judgment because it may include an unknown amount for the loss of the services of his wife, who herself has obtained a judgment against the insured for her own bodily injuries exceeding the policy limitation for each person.

The parties to the policy could not have intended that, unless a claimant against the insured relinquished some of his claims, the insured would lose the protection of the policy. This is the result if the policy is interpreted as contended by the insurer in this case. In Georgia, and in other jurisdictions, a claimant can neither split his cause of action, *Gregory v. Schnurstein*, 212 Ga. 497 (93 SE2d 680); *Kelly v. McCoy*, 85 Ga. App. 514 (69 SE2d 652); *Krasner v. O'Dell*, 89 Ga. App. 718 (80 SE2d 852), nor require that a verdict in his favor be separated into different items of damages. 89 CJS 184, § 508. Thus, in the present case the insured would lose the protection of his policy because the claimant against him did not choose between foregoing his claim for loss of services or rendering his claim uncollectible.

We must assume that the words, "including damages for care and loss of services," have some meaning. Since the law does not give any person a right to recover for the loss of his own services, "all damages" must include damages recoverable by the claimant against the insured for the loss of the services of other persons. *Loftin v. U. S. Fire Ins. Co.*, 106 Ga. App. 287, 294 (127 SE2d 53); *Howkins v. Atlanta Baggage &c. Co.*, 107 Ga. App. 38, 42 (129 SE2d 158).

The policy provision in question does not deal with apportionment of damages but with limits of liability, and that limit is controlled by whether only one, or more than one, person is injured in one accident. The cases of Williams v. Standard Accident Ins. Co. of Detroit, Michigan, 188 F2d 206 (5th Cir.), and New Amsterdam Cas. Co. v. Hart, 153 Fla. 840 (16 S2d 118), relied on by the defendant, are distinguishable from the present case by the fact that there only one person was injured in the accident and the courts held the limitation of liability for one person was applicable, whereas in the present case more than one person was injured and the limitation of liability for one accident is applicable.

Accordingly, the insurer cannot avoid liability on account of the facts that Homer B. Mobley's judgment may include damages in some amount for the loss of services of his wife and that he did not prove how the judgment was apportioned between dam-

ages for his own bodily injuries and damages due to care and loss of services.

The judgment of the trial court that the plaintiff insurance company owes $10,000 under the judgment against its insured in favor of Homer B. Mobley, and owes $10,000 under the judgment against its insured in favor of Jurita F. Mobley, was not error.

2. Since the portion of the judgment finding that the plaintiff had been guilty of bad faith did not award any damages to the defendant on account thereof, such finding was harmless to the plaintiff and no cause for reversal.

*Judgment affirmed. Bell and Hall, JJ., concur.*