41098. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. HODGES.

DECIDED FEBRUARY 25, 1965—REHEARING DENIED MARCH 11, 1965.

318

*Fulcher, Fulcher, Hagler & Harper, A. Montague Miller, G. C. Dekle, Jr.,* for plaintiff in error.

*Thomas M. Odom,* contra.

HALL, Judge. The insurer's contention is that the words of the policy, "Liability for all damages, including damages for care and loss of services, arising out of bodily injury, sickness or disease . . . , sustained by one person in any one accident shall not exceed $10,000 . . . ," applied in this case, mean that damages sustained by one person—the husband—include damages for his pain and suffering, recoverable by him, and damages for the loss of consortium, recoverable by his wife. Therefore, the insurer argues, since the husband's judgment

necessarily included $7,049 for his personal injuries (by exclusion of the amounts totaling approximately $1,950.50 that he claimed for his wife's medical expenses, property damage and loss of his wife's services) and the wife's judgment included $5,000 for the loss of consortium (by exclusion of the $5,000 she claimed for her own personal injuries), the amount in the two judgments for damages for personal injuries sustained by one person (the husband) exceeds the $10,000 limitation by $2,049.50. The insurer insists that the only reasonable interpretation of the above provision is that given it by courts in other jurisdictions, that the words "sustained by one person" do not modify "damages" but modify "bodily injuries"; accordingly, the $10,000 limitation on damages arising out of bodily injuries sustained by one person would include damages to a husband, for example, for care and loss of services arising out of bodily injuries sustained by his wife. Holtz v. Mutual Service Cas. Co., 264 Minn. 121 (117 NW2d 767); Bernat v. Socke, 180 Pa. Sup. 512 (118 A2d 253); Standard Accident Ins. Co. of Detroit v. Winget, 197 F2d 97. We concede that this is grammatically a possible interpretation of the language; but this is not the only reasonable interpretation that can be given this provision. We find nothing in the policy that conclusively requires this interpretation.

The policy includes several distinct Insuring Agreements. Coverage A insures against liability for "damages because of bodily injury . . . sustained by any person." Coverage B insures against liability for "damages because of injury to or destruction of property." The conditions of the policy include limitations of liability, quoted above, applicable to Coverages A. and B. In the limitation on Coverage A "damages" is defined to include "damages for care and loss of services." We may surmise that bodily injury damages was so defined to make it certain that "damages for care and loss of services" was not included in Coverage B, property damage liability, since loss of services has been classified as damages to personalty. *Silvertooth v. Shallenberger,* 49 Ga. App. 133 (174 SE 365).

If the limitation of liability on Coverage A were like that on Coverage B in that the same limitation applies whether one

person or more than one person sustained property damages in an accident, our present problem with respect to the limitation on Coverage A would not arise. Clearly there would be a maximum fund of $20,000 to be allocated between all persons who sustained damages arising out of bodily injury as a result of an accident, or to one person if only one sustained such damages. The additional limitation provided for "damages . . . arising out of bodily injury, sickness or disease . . . , sustained by one person" creates an ambiguity in the policy with respect to accidents when more than one person sustains such damages, and one or more persons sustains a particular kind of damages arising out of bodily injury—damages for care and loss of services, or loss of consortium. This places upon the court the difficult task of determining from the contract what appears most feasibly to be the meaning of the language in the limitation of liability on Coverage A. The difficulty is emphasized by the knowledge that there exist many contracts containing the same provision.

We can think of instances where the interpretation insisted on by the insurer possibly could result favorably to the insured. Suppose that a husband and his wife received bodily injuries in an accident and the wife sued only for damages for pain and suffering and recovered $5,000. If the husband then sued for $10,000 for his bodily injuries and $5,000 for care and loss of services of his wife and recovered a verdict for $15,000, the insurer would be liable for this amount. But in many cases this interpretation of the policy could not practically be applied. In Georgia, as a general rule, special verdicts are confined to equity cases and are improper in actions at law. Leverett, Hall, Christopher, Georgia Procedure and Practice, 410, § 19-3. A general verdict is commonly awarded after disputed evidence on the different items of damages claimed, is smaller than the amount sued for, and does not specify amounts for different items of damages awarded. In such cases it would be impossible to determine the amount included in the husband's recovery for care and loss of services, or in the wife's recovery for loss of consortium, that would have to be included in the limitation of liability applicable to the other spouse. Without having access to statistics as to the amounts claimed for all items of damages in actions against insureds arising out of automobile accidents,

as compared with the amounts covered by liability policies covering the insured, we are probably safe to say that it would be impossible as often as not to apportion a recovery between the different items of damages claimed when substantial bodily injuries were present. Contracting parties must be presumed to have contracted with reference to the laws which exist at the time and place of making the contract, including the laws which affect its enforcement, and the effect of such laws on the subject matter. *McKie v. McKie*, 213 Ga. 582 (100 SE2d 580). Accord *Jenkins v. Morgan*, 100 Ga. App. 561, 562 (112 SE2d 23); Walker v. Whitehead, 83 U.S. 314 (21 LE 357); 17 Am. Jur.2d 654, § 257; 17A CJS 295, § 330.

In *Cotton States Mut. Ins. Co. v. Phillips*, 108 Ga. App. 56, 59 (131 SE2d 803), construing a substantially identical "Limits of Liability" provision of an insurance policy, this court stated, "Since the law does not give any person a right to recover for the loss of his own services, 'all damages' ['including damages for care and loss of services, arising out of bodily injury sustained by one person'] must include damages recoverable by the claimant against the insured for the loss of services of other persons. . . The policy provision in question does not deal with apportionment of damages but with limits of liability, and that limit is controlled by whether only one, or more than one, person is injured in one accident." That holding rejects the insurer's contention in the present case. The Supreme Court denied the application for certiorari of the insurer in that case on September 6, 1963 (Case No. 22171).

For the reasons stated in the opinion in that case and in this opinion, we hold that in the limitation of liability provision quoted above, the words "damages for care and loss of services" mean damages recoverable by the person to whom the limitation is applied for care and loss of services (or consortium) of another person; and the limitation of liability does not include damages recoverable by another person for loss of services (or consortium) of the person to whom the limitation is applied.

The trial court did not err in overruling the defendant's demurrer.

*Judgment affirmed. Bell, P. J., and Frankum, J., concur.*