41386. WHITLOCK v. INTERSTATE LIFE & ACCIDENT
INSURANCE COMPANY.

FELTON, Chief Judge. This case arose out of the same action
as *Interstate Life &c. Ins. Co. v. Whitlock,* 112 Ga. App. 212,
ante. The trial court, after directing the verdict for the
face amount of the policy in favor of the plaintiff-insured,
submitted the issue of bad faith to the jury. The jury re-
turned a verdict in favor of the plaintiff in the sum of $1.00
for bad faith and $1,000 as attorney's fees. The court granted
the defendant-insurer's motion for judgment notwithstanding
the verdict as to that portion of the verdict awarding bad
faith penalties, to which judgment the plaintiff excepts. *Held:*
In an action to recover penalties and attorney's fees for the
refusal in bad faith of an insurer to pay a claim, the burden
of showing that the refusal was made in bad faith is on the
insured and a defense going far enough to show reasonable
and probable cause for making it would vindicate the good
faith of the company as effectually as would a complete
defense to the action. *Interstate Life &c. Ins. Co. v. Wil-
liamson,* 110 Ga. App. 557 (139 SE2d 429) by answer to cer-
tified question in 220 Ga. 323 (138 SE2d 668). Whether or
not the jury finds the defense of the company to the action
complete in the new trial granted in the company's appeal,
the evidence, as set out in our ruling on the company's appeal,
infra, was sufficient to show "reasonable and probable cause"
in the denial of the claim. There was no evidence that the
decedent had been known to drink heavily in the past and
that his blood contained enough alcohol, 0.30%, to raise a
presumption of intoxication. The trial court erred initially
in submitting the issue of bad faith to the jury since there
was evidence which showed reasonable and probable cause
for the denial of the claim. The court therefore did not err in
its judgment granting the judgment n.o.v. in favor of the
defendant-insurer.

*Judgment affirmed. Jordan and Deen, JJ., concur.*

ARGUED JULY 8, 1965—DECIDED SEPTEMBER 9, 1965.

*William Edward Spence,* for plaintiff in error.

*Nall, Miller, Cadenhead & Dennis, Theodore G. Frankel, Lynn A. Downey,* contra.