41556. COTTON STATES MUTUAL INSURANCE COMPANY v. PHILLIPS.

Argued October 4, 1965—Decided November 3, 1965.

*Hull, Towill & Norman, Julian B. Willingham,* for plaintiff in error.

*William C. Calhoun,* contra.

JORDAN, Judge. Assuming for the sake of argument only that the evidence was sufficient to authorize a finding that the defendant insurer could have settled the damage suits against its insured for an amount within the policy limits both before and after judgment, there is no evidence which would authorize the finding that its failure and refusal to do so was capricious and constituted bad faith—this being the test of an insurer's liability in a case such as this. *Cotton States Mut. Ins. Co. v. Fields,* 106 Ga. App. 740 (128 SE2d 358); *Georgia Cas. &c. Co. v. Reville,* 97 Ga. App. 888 (104 SE2d 643).

The plaintiff alleged both in his original and amended petition that the defendant's investigative file showed that the plaintiff insured was liable for the injuries of both claimants and that such injuries exceeded the policy limits, but this file was not introduced in evidence; nor was any other evidence adduced which would authorize the finding that it was the opinion of the defendant insurer that its insured was liable to both claimants for an amount in excess of the policy limits and that in view of such opinion it wilfully refused to entertain and accept an offer of settlement within the policy limits in conscious

disregard of the position of the insured with respect to an excess judgment.

Conversely, the finding is authorized that the defendant insurer refused the offers of settlement on the ground that its liability under the policy was substantially less than such offers. The record shows that after judgments were entered in behalf of the plaintiffs in the damage suits against its insured, the defendant insurer paid to them the amount of its admitted liability, $10,000, as a credit on such judgments, and secured an agreement from these parties that they would not attempt to enforce their judgments against its insured until the insurer could seek and obtain a court adjudication of its liability under the policy by a proceeding for declaratory judgment. The contentions made by the insurer in this regard are fully set forth in the decision of this court in *Cotton States Mut. Ins. Co. v. Phillips*, 108 Ga. App. 56, supra, and need not be restated here. This court in that case affirmed the judgment of the trial court which had ruled adversely to the contentions of the defendant insurer, and after certiorari was denied by the Supreme Court, the defendant insurer paid the additional sum of $11,300 on the judgments rendered against its insured.

While the issue of the amount of the defendant's liability under its policy with respect to these suits and the judgments entered thereon was decided adversely to the defendant, it cannot be said that it was guilty of bad faith in seeking a judicial determination of this issue, as it involved a close question of law previously undecided in this State. Indeed, the decision of this court in *State Farm Mut. Automobile Ins. Co. v. Hodges*, 111 Ga. App. 317 (141 SE2d 586), which followed the *Phillips* case, 108 Ga. App. 56, supra, was reversed by the Supreme Court in a decision rendered on September 22, 1965, *State Farm Mut. Auto Ins. Co. v. Hodges*, 221 Ga. 355 (144 SE2d 723), which in part sustained the position unsuccessfully advocated by the defendant insurer in the *Phillips* case, supra.

The evidence did not authorize a finding that the defendant insurance company was guilty of bad faith in refusing to settle the suits against its insured within the policy limits. A verdict

was therefore demanded for the defendant, and the trial court erred in denying its motion for judgment notwithstanding the verdict. Since this ruling constitutes a final disposition of this case by this court, the remaining assignments of error need not be considered.

*Judgment reversed with direction that judgment be entered for the defendant. Felton, C. J., and Deen, J., concur.*