43277. WITT v. PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY.

WHITMAN, Judge. Plaintiff's Jaguar automobile was damaged when it struck some debris in the road and punctured the oil pan. This suit was brought to recover for the loss under a

policy insuring the automobile, among other things, against accidental damage caused by collision with another object. The suit also sought 25% bad faith penalties and attorney's fees.

By the evidence adduced at the trial of the matter, plaintiff established himself as having above average knowledge of the mechanics and operation of automobiles. He had acquired his knowledge of the Jaguar from the engineering "spec," the factory mechanic's book, the parts book, and various automobile magazines. He has also worked on the car himself, usually doing so along side Mr. Lee Sorrells, a mechanic to whom plaintiff entrusts his car's care.

Plaintiff recounted the facts surrounding the loss as follows: "As soon as the car struck the debris, the oil pressure indicator went down, causing plaintiff to suspect what in fact had happened, i.e., a puncture in the oil pan. Plaintiff immediately stopped the car, made an examination and found the damage. The incident occurred around 8 p.m. in August in a sparsely populated area, approximately one-half mile from the nearest residence and possible phone and approximately two miles from the nearest service station.

There was a verdict and judgment for the plaintiff for $474.97 from which the plaintiff here appeals. There is no issue with regard to the jury's award for the loss. The issue presented by the enumerations of error is whether the trial court erred in granting the defendant's motion at the close of the evidence to strike the prayer in plaintiff's petition for attorney's fees and bad faith penalties.

The petition alleged that as a result of the puncture in the oil pan, dirt and other debris were sucked into the oil system and circulated throughout the engine, making it necessary to clean and overhaul the entire engine; that plaintiff submitted a proof of loss showing a total loss of $524.97, but that defendant, through its agent, stated the insured loss was only $110.84 and would pay only this amount, less the $50 deductible, or $60.84.

The defendant in its answer denied that there was a refusal to pay any amount greater than $60.84 for the loss, but stated that the defendant requested the matter be submitted to arbitration in accordance with the terms of the policy, but the plaintiff refused to do so.

The defendant's agent testified that the amount of the loss was

arrived at on the basis of the actual impact damage to the oil pan, connecting rods and other parts and the cost to repair or replace same; that he discussed the total damage with Mr. Sorrells, the mechanic, and used Sorrells' figures and relied in part on Sorrells' opinions in reaching his conclusion as to the amount of the loss due to impact; that damage to the engine's internal parts was not considered to have resulted from the impact, but rather was caused by plaintiff himself by driving the car for some distance after the incident with dirt and debris in the engine; that the internal damage would not have resulted had the car been towed as plaintiff had a right to do, at no cost, under the policy; and that in face of their difference over the amount of the loss, arbitration was agreed upon but that plaintiff never appointed an appraiser to submit a report.

Plaintiff's account was that after halting his car his examination revealed that a hole had been knocked in the oil pan and that some dirt or debris had been sucked up into his oil system; that his determination was that the damage was done to the engine's internal parts even before he got it stopped and off the road due to the fact that the Jaguar has a high powered oil pump which sucks oil up from the pan and circulates it throughout the entire engine system in only a matter of seconds; and that he plugged up the hole with a rag, added a couple of cans of "STP" oil and drove it at a slow speed approximately two miles to a service station where he had the oil system flushed.

Mr. Sorrells, the mechanic, testified that he would not recommend driving any car with dirt in the engine.

With regard to events thereafter, plaintiff testified that he filed his proof of loss; that he received an offer of a lesser amount which he rejected; and that he agreed to arbitrate but never heard any more from them. *Held:*

1. "When damages and attorney fees are sought under *Code* § 56-706 [now *Code Ann.* § 56-1206], the term 'bad faith' means any frivolous or unfounded refusal in law or in fact to comply with the demand of the policyholder to pay according to the terms of the policy and the condition imposed by the Code." *American Fire & Cas. Co. v. Barfield,* 81 Ga. App. 887 (3) (60 SE2d 383). The burden of establishing bad faith is on the plaintiff and "[i]f there is any reasonable ground for contesting the claim, there is no bad faith." *Life*

*& Casualty Ins. Co. of Tenn. v. Freemon,* 80 Ga. App. 443 (c) (56 SE2d 303). When the issue of bad faith is raised by the pleadings *and supported by the evidence* the issue must be submitted to the jury. *Templeton v. Kennesaw Life &c. Ins. Co.,* 216 Ga. 770, 775 (119 SE2d 549). But where the evidence adduced shows a reasonable and probable cause for denial of a claim, it is error to submit the issue of bad faith to the jury. *Whitlock v. Interstate Life &c. Ins. Co.,* 112 Ga. App. 235 (144 SE2d 541); *Independent Life &c. Ins. Co. v. Thornton,* 102 Ga. App. 285 (6) (115 SE2d 835); *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305, 316 (8) (127 SE2d 454).

2. Applying the above principles of law to the facts in this case, we cannot say that the trial court erred, after hearing the evidence, in striking plaintiff's prayer for attorney's fees and penalties. The defendant's position, i.e., that the damage to the internal parts of the engine was not caused by the impact, but was caused by the plaintiff himself in driving the car, after the impact, with dirt and debris in the engine, was not a frivolous or unfounded reason. The evidence indicates that this was the reason for the largest portion of the claimed loss.

While it appears from the evidence that both parties agreed, at one point, to resolve their difference by submitting the loss to appraisal or arbitration, it does not appear that there was any bad faith by either party, rather it appears that there was perhaps a misunderstanding by the plaintiff. Plaintiff testified that he was agreeable to the procedure but that he never heard any more from them. However, the appraisal provisions of the policy require affirmative, independent action by each party. The defendant's agent testified that he made preparations to go through with the appraisal procedure. Plaintiff hired an attorney who did not pursue appraisal but filed suit instead.

There was no error in striking plaintiff's prayer for attorney's fees and penalties.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED JANUARY 3, 1968—DECIDED MAY 27, 1968—
REHEARING DENIED JUNE 6, 1968.

*Peek, Whaley, Blackburn & Haldi, Glenville Haldi,* for appellant.

*Greene, Buckley, DeRieux, Moore & Jones, James A. Eichelberger,* for appellee.