## 47246, 47247. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. CALHOUN; and vice versa.

BELL, Chief Judge. Case No. 47246 is an appeal from a judgment awarding $1,000 to plaintiff for medical expenses sought under the terms of an automobile insurance policy. The case was tried by the court on stipulated facts. The part of the policy in issue, the medical payments coverage, provides: "To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, hospital, x-ray and dental

services . . . to or for any . . . person who sustains bodily injury caused by accident while occupying the owned automobile while being used by the named insured . . ." Plaintiff's minor daughter received injuries while a passenger in an automobile insured by defendant. The accident occurred on November 29, 1969. The injuries required treatment by a plastic surgeon. A physician of that specialty examined her on May 25, 1970, and recommended an operation to correct facial injuries for an agreed fee of $1,000. On November 16, 1970, the plaintiff paid the surgeon's fee. The actual surgery was performed on December 11, 1970, more than one year from the date of the accident. Insurer makes a two-fold attack on this judgment. First, on the basis that the medical expense was not "incurred" until after the lapse of a year from the date of the accident when the operation was performed. And secondly, that the plaintiff, the father of the injured minor, has no standing to sue for the medical expense. In the cross appeal, Case No. 47247, the plaintiff enumerates as error refusal of the trial court to award attorney's fees and the statutory penalty for bad faith. *Held:*

1. (a) *The main appeal.* The term "incurred" is not defined by the policy. Defendant cites *Pilot Life Ins. Co. v. Stephens,* 97 Ga. App. 529 (103 SE2d 651) in support of its position. However, a reading of the *Stephens* case shows that the provisions of the policy there and the one before us are clearly different. The policy in *Stephens* required that the treatment shall have "occurred" within twelve months after the accident. A medical payment clause using the term "incurred" and containing no definition has not been judicially reviewed in this State. It has been the subject of decisions in other states. See Ann. 10 ALR3d 468. The decisions from other jurisdictions are divided. One view is that the services must be performed within the one-year time period and another is that the liability of the insured is not predicated on performance of the services within the period but on a determination

of the necessity of the treatment within the time period and also where payment has been made within the time period but the treatment has not been performed. "Incur" has been defined by Webster as meaning "become liable or subject to; to bring down upon oneself as to incur debt, danger, displeasure, penalty, etc." Giving the word incur its ordinary meaning, the plaintiff, when he contracted with the surgeon for a necessary surgical procedure, became liable for the fee and when he paid the fee he "brought down upon" himself medical expense within the meaning of the policy. See Drobne v. Aetna Casualty & Surety Co., 66 Abs. 1 (115 NE2d 589) and Maryland Cas. Co. v. Thomas (Tex. Civ. App.) 289 SW2d 652, where Ohio and Texas appellate courts have reached similar results.

(b) With regard to the insurer's contention that the plaintiff has no standing to sue, the policy states that the insurer agrees to pay "to or for" any person who sustains bodily injury. In Georgia a parent is liable for the medical expenses of his minor children. *Evans v. Caldwell*, 52 Ga. App. 475, 486 (184 SE 440). Thus, where the liability for the medical expense incurred is cast upon the parent the father clearly has standing to recover for the expenses paid out by him under the terms of the policy. Paying the $1,000 to the father for an expense that he was legally obligated to pay would clearly be payment "for" the person injured.

2. *The cross appeal.* The trial court refused to allow plaintiff a statutory penalty and attorney's fees on the ground of bad faith. We affirm since the issue presented is one of first impression in Georgia and other jurisdictions have differed in holdings on the identical point. In an action to recover penalties and attorney's fees for the refusal on bad faith of an insurer to pay a claim, the burden of showing bad faith is on the insured. A defense presenting enough to show a reasonable and probable cause for refusing payment legally vindicates the good faith of the company as effectually as would a complete

defense to the action. *Whitlock v. Interstate Life & Accident Ins. Co.,* 112 Ga. App. 235 (144 SE2d 541). In *Cotton States &c. Ins. Co. v. Phillips,* 112 Ga. App. 600, 602 (145 SE2d 643), this court said that an insurance company is not guilty of bad faith in seeking a judicial determination of an issue involving a question of law previously undecided in this State. Thus, we are constrained to say that while we do indeed question the moral conscience of the company in refusing payment under the facts here, we cannot question their legal right to have done so.

*Judgments in main appeal and cross appeal affirmed. Stolz, J., concurs. Evans, J., concurs specially.*

ARGUED MAY 22, 1972—DECIDED SEPTEMBER 28, 1972.

*Zorn & Royal, William A. Zorn,* for appellant.

*Cullen M. Ward, Charles F. Johnson,* for appellee.

EVANS, Judge, concurring specially. I concur fully in Division 1 of the majority opinion; but as to Division 2, on the question of bad faith, penalty and attorney's fees, I concur specially for the same reasons as are set forth in my specially concurring opinion in the recent case of *State Farm Mut. Ins. Co. v. Harper,* 125 Ga. App. 696 (188 SE2d 813).

I repeat what was said there, to wit, that *Code Ann.* § 56-1206 (New Insurance Code of 1960) has been rendered impotent and meaningless by judicial interpretation, including decisions by the Supreme Court of Georgia, which are binding on this court. It is almost impossible, under these precedents, to make out a case in which a verdict and judgment for penalty and attorney's fees against an insurance company will be affirmed by Georgia's appellate courts. I do not believe our lawmakers intended this statute should be so handcuffed and hamstrung as to make it inoperable for the effective awarding of attorney's fees and penalty for bad faith against an insurer. This statute was enacted 100 years ago. What is there in its language to give license to the appellate courts to hold, as we do here, that "a defense

presenting enough to show a reasonable and probable cause for refusing payment legally vindicates the good faith of the company as effectually as would a complete defense to the action?" Or, that a defense, "seeking judicial determination of an issue involving a question of law previously undecided" lets the insurer home-free? Surely it was not intended that each new and novel defense the insurer could interpose would eliminate bad faith.

My esteemed associates are correct in their determination of this case, but only because under the rule of stare decisis we are bound by precedents of this court and of the Supreme Court of Georgia. I favor the overruling of all of those cases which so hold; but this court is powerless to overrule decisions of the Supreme Court of Georgia.

Meantime, the General Assembly should take a new look at this statute, and inquire as to whether we really have a "bad-faith statute" as to insurance companies in this State.