## 49399. FITZGERALD v. UNIVERSAL UNDERWRITERS INSURANCE COMPANY.

BELL, Chief Judge.

The insurer issued a motorcycle liability policy to David Bretz which provides in part that it did not apply "to bodily injury to any person while in or getting on or riding from the insured vehicle." The plaintiff while riding on the Bretz motorcycle was injured when Bretz collided with an automobile operated by a third party. Plaintiff obtained a $20,000 judgment against Bretz and the third party, $10,000 of which was paid by the latter. In this suit plaintiff seeks recovery of the balance from the insurer. The trial court entered judgment for the defendant based on the above-quoted exclusion in the policy. The plaintiff contends that the exclusion is void as it is in conflict with the Motor Vehicle Safety Responsibility Act. Ga. L. 1951, p. 565, as amended (Code Ann. § 92A-601 et seq.). An insurance company may fix the terms of its policies as it wishes, provided they are not contrary to law, and it may insure against certain risks and exclude others. *Fokes v. Interstate Life &c. Ins. Co.,* 59 Ga. App. 680, 681 (2 SE2d 170). The Safety Responsibility Act requires the depositing of security as proof of ability to respond in damages for liability by the operator or owner of a motor vehicle involved in an accident so that the owner or operator will not have his driver's license and registration certificate suspended.

Code Ann. § 92A-605 (a). One of the exceptions to this requirement is when the owner or operator "had in effect at the time of such accident an automobile liability policy with respect to the motor vehicle involved in such accident." Code Ann. § 92A-605 (c). This exception goes on to further provide with reference to liability insurance that the policy must have limits of not less than $10,000 per person and $20,000 per accident for bodily injury and $5,000 for property damage. The insurance provision of this part of the Act does not require total coverage for any damages that may be imposed by law to any class of persons. If an individual's liability policy covers his potential liability to "any person aggrieved after an accident" he does not have to deposit any security. If he has no insurance at all or, as here, the policy does not cover the particular type of liability claim, he must comply with requirements of proof of financial responsibility. The exclusion here is not contrary to the Act nor contrary to public policy.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED MAY 28, 1974 — DECIDED SEPTEMER 17, 1974.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler,* for appellant.

*Dennis & Fain, Robert E. Corry, Jr.,* for appellee.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

