62350. MURPHY v. DOSTER.

SHULMAN, Presiding Judge.
In a divorce settlement which was made a part of the final divorce decree, appellee-father agreed to continue to pay the premiums for a hospitalization insurance policy he had obtained through his employment for the benefit of his children, who were in the custody of appellant-mother. One of the children, while a passenger in appellee's pickup truck, was injured in an automobile accident. Appellee's no-fault automobile insurer paid the accrued medical bills totalling $8,029.70 through checks issued jointly to appellant and the creditors. Appellee's hospitalization insurer subsequently sent checks to the suppliers of the medical services. An overpayment of $4,568.76 resulted, to which both appellant and appellee claimed entitlement. This appeal comes from the trial court's grant of appellee's motion for summary judgment and from the denial of appellant's motion for summary judgment. We affirm.

The pertinent paragraph of the divorce settlement reads as follows: "The husband presently has in full force and effect a hospitalization insurance policy through his employment . . . which he agrees to keep in full force and effect by paying the premiums

thereon so that the benefits from said policy shall inure to the benefit of the children . . . In the event the husband changes employers, then he shall provide hospitalization insurance with equivalent benefits for the children. Upon demand by the wife, the husband shall cause these benefits to be paid over to her, the hospital or the treating physician. Should the husband fail to comply with this provision, he shall become a self-insurer, and shall be responsible for all of the medical, hospital, doctors, and prescribed drug bills as they come due. In addition, the husband shall at all times, cooperate with the wife by furnishing all information required by a hospital, doctor or medical treatment facility in getting the children admitted to said hospital or medical treatment facility or treated by a physician."

1. Both parties agree that the quoted paragraph entitles appellant to reimbursement from the proceeds of the hospitalization policy for sums she expended in payment of the child's medical bills. The disagreement between the parties arises as to whether appellant used *her* funds to pay the medical bills so as to entitle her to reimbursement from the proceeds of the hospitalization policy. As mentioned earlier, the checks from appellee's no-fault insurer named appellant and each creditor as co-payees. Appellant endorsed each check over to the co-payee creditor and now urges that the insurance proceeds were paid to her, became her funds, and were used by her to pay the medical creditors. We disagree. The no-fault insurer was under no legal obligation to include appellant as a payee on the checks. Appellant was not the "insured" as defined in Code Ann. § 56-3402b (b). She was not the person legally responsible for the child's medical bills, and she had not assumed that responsibility by paying any of the bills prior to receiving the insurance checks. Compare *Atlanta Cas. Co. v. Jones,* 247 Ga. 238 (1) (275 SE2d 328). Thus, although appellant was a joint payee on the checks from the no-fault insurer, the funds represented by the checks were not appellant's and, since she did not expend her own funds on behalf of the child, she was not entitled to reimbursement from appellee's hospitalization policy.

2. Alternatively, appellant asserts that, as the custodial parent of the beneficiary of the policy, she is entitled to the overpayment from the hospitalization insurance policy. It is impossible for this court, as it was for the trial court, to determine the child's interest in the hospitalization policy because a copy of the policy is not included in the record. However, under the divorce decree and Georgia law, the child is entitled to payment of his medical bills by his father. *Ga. Farm Bureau &c. Ins. Co. v. Calhoun,* 127 Ga. App. 213 (1b) (193 SE2d 35). The bills were paid by the father through his insurer; the child is entitled to no more.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED OCTOBER 26, 1981.

*Randall C. Sorenson,* for appellant.
*Donald W. Huskins,* for appellee.