65273. JOHNSON v. G. A. B. BUSINESS SERVICES, INC.

McMURRAY, Presiding Judge.

Plaintiff George Johnson, a former employee, filed suit against defendant G.A.B. Business Services, Inc., his former employer, claiming he was entitled to benefits under two employee insurance plans. Defendant was granted summary judgment, and plaintiff appeals. *Held:*

1. The two insurance plans under which plaintiff claims entitlement to benefits are referred to by the parties as the Salary Continuation Plan (SCP) and the Long Term Disability Plan (LTDP). In construing these two insurance plans we are guided by several well-established principles: "Insurance contracts are governed by the same rules of construction or interpretation, for the purpose of ascertaining the intention of the parties, as apply to other contracts. [Cits.] Where the terms and conditions of an insurance policy are unambiguous, the court must declare the contract as made by the parties. [Cit.] Where the meaning is plain and obvious, it should be treated as literally provided therein. [Cit.]" *Genone v. Citizens Ins. Co.,* 207 Ga. 83, 86 (1) (60 SE2d 125), quoted in full again in *Queen Ins. Co. v. Nalley Discount Co.,* 215 Ga. 837, 838 (1) (114 SE2d 21) and *Nelson v. Southern Guaranty Ins. Co.,* 221 Ga. 804, 808

(147 SE2d 424). See also *Cutledge v. Aetna Life Ins. Co.,* 53 Ga. App. 473, 474, 475 (186 SE 208). Applying these principles, we find that the pertinent provisions of the plans are plain.

Both the SCP and the LTDP provide salary continuation for participating employees out of work because of illness or disability. The SCP provides salary continuation for up to twenty-six weeks. To qualify for benefits under this plan, a participating employee must be absent from work for eight consecutive days due to illness or disability and he must submit proof of such illness or disability. The LTDP provides salary continuation for participating employees who have been out of work for twenty-six weeks because of illness or disability and are collecting social security disability benefits. Participation in both plans terminates upon termination of employment.

Plaintiff was a participant in both plans. He received full benefits under the SCP from February 13, 1980, until March 3, 1980, the period in which he was medically determined to be temporarily totally disabled because of injuries he suffered in an automobile accident on February 7, 1980.

On August 13, 1980, defendant terminated the plaintiff's employment. Plaintiff was working at the time. Nevertheless, he claims he is entitled to benefits under the insurance plans. Although we address his specific contentions below, we pause to note that plaintiff's claim appears to be founded upon a misconstruction of the plans. Both plans provide only compensation for income lost because of illness or disability, not for the underlying illness or disability and consequential or incidental costs.

2. In plaintiff's first enumeration of error he contends that summary judgment was improper because genuine issues of material fact remain. While it is certainly true that summary judgment is improper "where there are substantial issues of fact to be determined" (Code Ann. § 81A-156 (c) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759) (now OCGA § 9-11-56 (c), effective November 1, 1982)), it is equally certain that "[w]hen a motion for summary judgment is made and supported [by affidavits, depositions, answers to interrogatories and admissions], an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial." Code Ann. § 81A-156 (e) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759) (now OCGA § 9-11-56 (e), effective November 1, 1982).

The first asserted factual issue is whether plaintiff was disabled. In an effort to refute the obviously strong inference that he was not

disabled created by defendant's showing that he was in fact working at the time of his discharge, plaintiff cites us to his own allegations and to statements of medical doctors referred to in his deposition. The doctors allegedly stated that he was under their continued care and that surgery might be required, but there is no evidence that any of them stated, opined or even suggested that he was disabled. Thus, there is no evidence of disability and, consequently, there is no issue of disability for a jury determination.

Plaintiff next contends that the issue exists whether he applied for insurance benefits. Plaintiff would have us equate his allegation that he informed defendant of his anticipated surgery with an inference that he thereby applied for insurance benefits. We find that plaintiff not only failed to apply for insurance benefits, but that he could not. One of the essential conditions for entitlement to benefits under the SCP is that the participating employee be out of work because of illness or disability. See Division 1, supra. Since plaintiff was working at the time of his discharge, he had no basis for even seeking benefits under the plan.

Plaintiff also asserts that a factual issue remains as to whether he was qualified for benefits under the LTDP. This contention is wholly without merit because the LTDP only applies after an employee has been out of work due to illness or disability for twenty-six weeks, and the plaintiff was not out of work at all immediately preceding his discharge.

His final asserted factual issue is whether defendant refused to pay benefits in bad faith. An issue of bad faith cannot arise absent evidence that the insured is entitled to benefits which plaintiff has failed to produce. See generally *Ga. Farm Bureau Mut. Ins. Co. v. Calhoun,* 127 Ga. App. 213, 215 (2) (193 SE2d 35).

3. In the second part of his first enumeration of error plaintiff contends that his rights to benefits under the insurance plans vested prior to his termination. From this contention it is again evident that plaintiff misconstrues the coverage provided by the plans. As already noted, the SCP and LTDP provide compensation only for income actually lost. Any benefits forthcoming under either plan relate to time out of work due to illness or disability, not to the underlying illness or disability. See Division 1, supra. Thus, contrary to plaintiff's contention, he has no vested rights to compensation for anticipated lost income even though that anticipated lost income would relate to the injury sustained in the February 7, 1980 automobile accident. See generally *Fitzgerald v. Universal Underwriters Ins. Co.,* 132 Ga. App. 610 (208 SE2d 619); *Berry v. Travelers Ins. Co.,* 64 Ga. App. 727, 736 (14 SE2d 196).

4. Plaintiff contends that the following provision in the SCP,

particularly the word "participation," is ambiguous and therefore a question remains whether his insurance coverage ceased: "Termination of Participation. Your participation in this plan shall terminate at the earliest of the following dates: (a) The date that your employment with the Company is terminated, as determined by The Company. . . ." In giving the language its general and ordinary meaning, we find no ambiguity. See *Ballinger v. C. & S. Bank of Tucker,* 139 Ga. App. 686, 688 (229 SE2d 498); *Cotton States Mut. Ins. Co. v. Bowden,* 136 Ga. App. 499, 500 (221 SE2d 832). The plain meaning of the provision is that when an employee is no longer supposed to be at work because he no longer works for the company, he is no longer entitled to insurance compensation under the company plans for being out of work.

5. All of plaintiff's contentions cloak his assertion that defendant discharged him to avoid further expense under the insurance plans. He claims that defendant's decision to terminate his employment was the result of his notification that he might have to undergo surgery in the near future. However, plaintiff did not plead wrongful discharge. See Code Ann. § 81A-108 (a) (1) and (e) (Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230; 1976, pp. 1047, 1048) (now OCGA § 9-11-8 (a) (2) and (e), effective November 1, 1982). His claim is solely one of entitlement to insurance benefits under the SCP and LTDP, and he has failed to support that claim. Summary judgment against him was therefore warranted. Code Ann. § 81A-156 (e), supra.

6. Defendant's motion to dismiss plaintiff's appeal on the grounds of failure to comply with the provisions of Code Ann. § 6-809 (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1073, 1074; 1972, p. 624) (now OCGA § 5-6-48, effective November 1, 1982) and Rule 14 of the rules of this court, adopted February 23, 1981, effective September 1, 1981, is without merit as there was a compliance by plaintiff under the provision of Rule 4 of the rules of this court, adopted February 23, 1981, effective September 1, 1981.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED FEBRUARY 1, 1983.

George Johnson, *pro se.*
*Thomas J. Hughes, Jr., Diane Stanton Shepherd,* for appellee.