## 63781. WILLIAMSON v. BANK BUILDING & EQUIPMENT CORPORATION OF AMERICA.

QUILLIAN, Chief Judge.

This is an appeal of the grant of partial summary judgment to appellee and concomitant denial of the same to appellant on appellant's claim for an additional sales commission. *Held:*

1. Appellant was employed by appellee as a salesman. Appellee sued appellant to recover on a note. Appellant counterclaimed for various matters, one of which is the claim for an additional sales commission upon which summary judgment was granted to appellee. Other issues between the parties are not relevant in this appeal.

The issue to be resolved is whether the trial court properly construed the commission schedule agreement between the parties.

The commission schedule provides in section III.B.1: An additional 0.10 percent for a total of 0.20 percent of EPC (estimated project cost) will be paid for the fifth and subsequent C/A's (consulting and architectural contracts) signed and accepted during the fiscal year. Payment to be made after approval by client of schematic design or project development stage. Note: Upon qualification for commission payment of the fifth C/A contract in the fiscal year, an additional 0.10 percent of EPC will be paid on the first

four C/A contracts signed and accepted during the fiscal year.

It is undisputed that appellant secured five C/A contracts during the fiscal year (Clearwater, Panama City, Tyndall, Fort Walton and Monticello), but only four of the five went beyond the initial consulting phase. The Monticello C/A contract was never approved by the client for schematic design or project development. The basic or standard commission was paid appellant on all but the Monticello C/A contract.

Appellant contends that he is entitled to the additional or bonus commission on the Clearwater C/A contract by the Note to section III.B.1 as the undisputed evidence shows that he had four C/A contracts signed and accepted during the fiscal year and had qualified for payment of the commission on the fifth (Monticello) C/A contract. In making such a construction of the schedule appellant relies on the language of section II.A which provides that a contract will be counted on the day it is signed. We do not agree.

Appellant's entitlement to the bonus commission authorized by the Note to section III.B.1 is subject to two contingencies, neither of which was met. The first contingency is in the main portion of section III.B.1 where it is provided that the payment of the bonus commission is to be made for the fifth and subsequent C/A contracts, after approval by the client of schematic design or project development stages. No such client approval was obtained on the fifth (Monticello) contract. We find this unmet contingency also applies to the payment of commissions in the Note to III.B.1.

In addition to the first contingency, the Note contains another, which is another version of the first contingency; that appellant must be qualified for the commission payment on the fifth contract before he is entitled to bonus commissions of the other four contracts. Contrary to appellant's contention the mere signing of the fifth (Monticello) contract, while it may authorize the contract to be counted for some purposes, does not qualify appellant for payment of either the standard or bonus commissions on that contract. Qualification for payment of a C/A commission occurs when a contract proceeds beyond the C/A stage. Construing the language of section III.A.1 (providing that the standard C/A contract commission will not be paid on the first four contracts until approved beyond the C/A stage) and section V.A.1 (which conditions payment of standard commissions on C/A contracts upon approval of schematic design or project development stages) with the language of section III.B.1, we find that the intent of the schedule is that commissions will not be paid on C/A contracts unless they are approved beyond the C/A stage to the schematic design or project development stages. Thus appellant was not qualified to receive payment of the standard

commission on the fifth (Monticello) contract because it was not approved beyond the C/A stage, and he was therefore not entitled to the bonus commission for the Clearwater contract.

Accordingly, the trial court did not err in granting summary judgment to appellee.

2. In the same ruling the trial court also awarded appellant summary judgment on another of his counterclaims for commission in the amount of $2,173, and directed that a final judgment be entered thereon under Code Ann. § 81A-154 (b) (Ga. L. 1966, pp. 609, 658; 1976, pp. 1047, 1049). However, enforcement of the judgment was stayed under Code Ann. § 81A-162 (f) (Ga. L. 1966, pp. 609, 669; as amended through Ga. L. 1973, p. 693) until all other issues in the case were resolved by entry of a final judgment. The court also reserved its decision on the amount of or entitlement to any interest on the award until entry of a final judgment on all issues in the case.

Appellant asserts that the failure to award interest is error because he had a right to an interest award under Code Ann. § 20-1408.

Appellant was not denied interest on his judgment; it was merely deferred. There are several other monetary claims to be resolved between the parties at trial and if appellant is not harmed thereby we find no error in deferring calculation of interest until all claims are adjudicated in a final judgment. We find no prejudice to appellant by this procedure. The trial court did not abuse its discretion in reserving the amount or entitlement to interest until final judgment on all claims in issue.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED MAY 7, 1982.

*James K. Rankin, Karen Wildau,* for appellant.
*Curtis W. Martin, Luther P. Cochrane,* for appellee.