## 67663. JOHNSON v. G. A. B. BUSINESS SERVICES, INC.

POPE, Judge.
Plaintiff/appellant brought this action against defendant/appellee claiming he was entitled to benefits under certain insurance policies. Defendant answered the complaint, denying the allegations thereof and praying for dismissal of the complaint "together with all costs, and reasonable attorney's fees incurred in defense hereof." The trial court subsequently granted defendant's motion for summary judgment as to plaintiff's claim and also ordered that "the Defendant be awarded reasonable costs and attorneys' fees." Summary judgment in favor of defendant as to plaintiff's claim was affirmed by this court in *Johnson v. G. A. B. Business Services, Inc.,* 165 Ga. App. 284 (300 SE2d 325) (1983). Shortly after the entry of the order granting summary judgment, defendant filed a "Motion to Approve Defendant's Bill of Costs and Reasonable Attorneys' Fees Pursuant to Court Order." No action was taken on this motion at that time. Following the decision of this court, defendant renewed its motion and plaintiff filed a response. On the basis of these filings, the trial court ordered that defendant recover from plaintiff "the sum of $2,750.00 representing attorneys' fees and costs in the amount of $272.39." Plaintiff brings this appeal challenging the propriety of that order.

1. "The general rule is that fees for services rendered by an attorney must be paid by the person who employs him [cit.], and are not recoverable by a litigant against the opposite party except in those cases which are specifically provided for by contract or by statute. . . ." *Harrison v. Harrison,* 208 Ga. 70 (1) (65 SE2d 173) (1951). The record in this case is devoid of any evidence showing an exception to this general rule. Further, there is no statutory provision authorizing recovery of attorney fees by a defendant in cases such as the one at bar. Therefore, the judgment of the trial court awarding attorney fees and costs (expenses) of litigation must be reversed. See *Solomon Refrigeration v. Osburn,* 148 Ga. App. 772 (2) (252 SE2d 686); see also *Hickman v. Frazier,* 128 Ga. App. 552 (1) (197 SE2d 441)

(1973).

2. Defendant argues that plaintiff's failure to challenge the award of attorney fees in his initial appeal to this court makes the issue res judicata. We cannot agree. A careful reading of the trial court's order granting summary judgment compels the conclusion that the court intended to reserve final adjudication as to the *amount* of attorney fees until a later time. This conclusion is buttressed by the trial court's subsequent entry of the subject order awarding a specified amount as attorney fees and costs of litigation. See, e.g., *Odom v. Odom*, 241 Ga. 451 (246 SE2d 308) (1978). See also *Williamson v. Bank Building &c. Corp.*, 162 Ga. App. 295 (2) (291 SE2d 124) (1982); *Black v. Sturdivant*, 131 Ga. App. 698 (206 SE2d 526) (1974). Since the issue of attorney fees had not been finally adjudicated at the time plaintiff brought his initial appeal, the doctrine of res judicata does not bar plaintiff's challenge of the award at this time. See generally *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242 (248 SE2d 641) (1978); *Ramseur v. American Mgt. Assn.*, 155 Ga. App. 340 (1) (270 SE2d 880) (1980). The case of *Byrd v. Byrd*, 248 Ga. 163 (281 SE2d 617) (1981), relied on by defendant in support of its position, is factually distinguishable from the case at bar.

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED APRIL 11, 1984.

*George Johnson*, pro se.
*Thomas J. Hughes, Jr., Diane S. Shepherd*, for appellee.