A91A1084. ABAD v. KRAFT, INC. et al.
(411 SE2d 500)

COOPER, Judge.

This appeal arises from a judgment entered in favor of defendant when plaintiff failed to appear at the call of her case for trial.

The trial court's order, entered on November 6, 1990, recites the following: "The case having come on for trial with notice to all parties, the court having struck the demand for jury trial upon motion by defendants, the court having called the case and the plaintiff having failed to put up evidence to prove the elements of its case, the court after hearing and considering evidence offered by the defendants, the court hereby enters judgment in favor of the defendants. . . ." Plaintiff's attorney admits that the case appeared on a trial calendar for the week of November 6 but contends that when the case had appeared on previous calendars, the trial judge had granted him 36 hours notice in which to appear because plaintiff resided in New York. Plaintiff alleges that on November 6, 1990, at 12:20 p.m., the trial court's calendar clerk called his office and left a message that the case would be called for trial at 1:30 p.m. Although the trial court's order states that plaintiff failed to put up evidence to prove the elements of her case, it is undisputed that neither plaintiff nor her attorney appeared for the trial of the case on November 6, 1990. Plaintiff argues that the non-appearance of plaintiff or her attorney for the trial amounted to a failure to prosecute the case; therefore, the trial court only had authority to dismiss her case pursuant to OCGA § 9-11-41 (b). We agree and reverse the trial court. "For failure of the plaintiff to prosecute . . ., a defendant may move for dismissal of an action. . . . [Such dismissal] does not operate as an adjudication upon the merits. . . ." OCGA § 9-11-41 (b). In addition, Rule 14 of the

Uniform Rules for the Superior Courts, which pursuant to the Uniform State Court Rules, is also applicable to the State Courts, provides: "On its own motion or upon motion of the opposite party, the court may dismiss without prejudice any civil action . . . upon the failure to properly respond to the call of the action for trial or other proceeding." Thus, both the Civil Practice Act and the Uniform Rules for Superior Courts provide an appropriate sanction which may be employed by the court when a plaintiff fails to appear at the call of his case for trial. In the case sub judice, the trial court went beyond the available sanction and entered a judgment in favor of the defendants. While we recognize the broad discretion a trial court has in regulating the business before it, *Ford Motor Credit Co. v. Williams*, 194 Ga. App. 405 (1) (390 SE2d 640) (1990), we find no authority for the action taken by the trial court. Consequently, we conclude that the trial judge abused his discretion in entering a judgment against plaintiff when she failed to appear for trial.

Because we are reversing the trial court, we find it unnecessary to address plaintiff's remaining enumeration of error that the trial court erred in striking her demand for jury trial.

*Judgment reversed. Birdsong, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED OCTOBER 15, 1991 —

*Siler & Jonap, William A. Dinges*, for appellant.
*Fain, Major & Wiley, Gene A. Major, Bruce A. Maxwell*, for appellees.