A91A2022, A91A2023. DEPARTMENT OF CORRECTIONS v.
FINNEY; and vice versa.
(416 SE2d 805)

SOGNIER, Chief Judge.

Sheila Finney filed a complaint before the Georgia Office of Fair Employment Practices (OFEP) pursuant to OCGA § 45-19-36 (b) alleging race discrimination by her employer, the Department of Corrections (DOC), in a disciplinary action. After an administrative hearing, a special master found discrimination and ordered reinstatement with back pay. The special master awarded Finney "reasonable attorney fees," and later entered an award of attorney fees in a specific monetary amount. Pursuant to OCGA § 45-19-39, DOC appealed the administrative decision to the Superior Court of Baldwin County, which affirmed the special master's award in all particulars except the amount of attorney fees awarded, finding that an excessive hourly rate had been used. The superior court remanded the case to the special master for a final determination of the amount of attorney fees. After final decision by the special master on the attorney fees issue, in which the special master reduced the hourly rate applied, thus decreasing the attorney fees award, DOC again appealed to the superior court, which affirmed the award. We granted DOC's application for leave to appeal that portion of the decision below awarding attorney fees. Finney then filed a cross-appeal challenging the hourly rate used to determine the amount of attorney fees awarded.

1. In the main appeal, DOC challenges the superior court's award of attorney fees to Finney on several grounds. We need address only one, as it is dispositive. DOC contends that the attorney fees award violates the Fair Employment Practices Act of 1978 (the Act), OCGA § 45-19-20 et seq., because Finney's attorney had entered into a contract with OFEP under which he agreed to represent Finney in return for a reduced hourly rate of compensation to be paid by OFEP. We agree and reverse.

Among the general purposes of the Act is the provision "for execution within public employment in [this] state of the policies embodied in Title VII of the federal Civil Rights Act of 1964 . . . as amended by" other federal employment discrimination statutes, OCGA § 45-19-21 (a) (1), and we agree with Finney that in construing the Act reference to federal decisions interpreting Title VII of the Civil Rights Act of 1964 (42 USC § 2000e et seq.) is appropriate. *Department of Human Resources v. Montgomery*, 248 Ga. 465, 467 (2) (a) (284 SE2d 263) (1981). The provision for recovery of attorney fees

under Title VII has been construed as an integral part of the enforcement scheme in order to maximize the rights secured by Title VII, see *Albemarle Paper Co. v. Moody*, 422 U. S. 405, 415 (95 SC 2362, 45 LE2d 280) (1975), and accordingly, although the general rule in this state is that attorney fees are not recoverable by a prevailing litigant unless specifically authorized by statute or contract, see *Johnson v. G. A. B. Business Svcs.*, 170 Ga. App. 686 (1) (318 SE2d 78) (1984), this court has held that a special master may award attorney fees to a prevailing complainant in an action brought under the Act. *Kilmark v. Bd. of Regents*, 175 Ga. App. 857, 870 (5) (334 SE2d 890) (1985).

Nevertheless, we find that an award of attorney fees was inappropriate in this case. OCGA § 45-19-27 (3) authorizes the administrator of OFEP to appoint "employees and agents to represent complainants at special master hearings as provided in [OCGA § ] 45-19-37." OCGA § 45-19-37 (i) provides that in such hearings a complainant may utilize the services of such an appointee *or* "may retain at [her] own expense private counsel to represent [her]." We construe these provisions as indicating our legislature's desire to implement the policy of the federal acts by ensuring in one of two ways, *but not both*, that complainants under the Act will have adequate representation. In this case, Finney chose the former alternative; her attorney was provided to her by OFEP and was compensated under a contract executed by OFEP and the attorney. Finney did not retain private counsel either by paying a retainer fee or entering into a contingent fee arrangement, thereby factually distinguishing *Blanchard v. Bergeron*, 489 U. S. 87 (109 SC 939, 103 LE2d 67) (1989), cited by Finney (attorney fees awardable under 42 USC § 1988 not limited to amount in contingent fee contract). Accordingly, as her rights under the Act were maximized by the provision to her of counsel by OFEP at no charge to her, she was not entitled to the benefits extended under the other available alternative, i.e., an award of attorney fees.

2. Our holding in Division 1 renders moot Finney's contention in her cross-appeal concerning the hourly rate used to calculate the attorney fees award.

*Judgment reversed in Case No. A91A2022. Appeal dismissed in Case No. A91A2023. McMurray, P. J., and Andrews, J., concur.*

DECIDED MARCH 4, 1992 —
RECONSIDERATION DENIED MARCH 19, 1992 —

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Terry L. Long, Assistant Attorney General*, for appellant.

*Stroup & Coleman, Robert H. Stroup,* for appellee.