A93A1554, A93A1556. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA/ALBANY STATE COLLEGE v. MOORE (two cases).
(436 SE2d 789)

POPE, Chief Judge.

These related discretionary appeals arose from two charges brought by Dr. John E. Moore against the Board of Regents of the University System of Georgia/Albany State College ("the Board") under the Fair Employment Practices Act, OCGA § 45-19-20 et seq. In his first charge (Case No. A93A1554), Dr. Moore alleged that the Board discriminated and retaliated against him when it refused to promote him to the rank of full professor at Albany State College in 1986-1987; and in his second charge (Case No. A93A1556), Dr. Moore asserted that the Board continued to discriminate and retaliate against him by refusing to promote him to the rank of full professor

---

during 1987-1988.

## Case No. A93A1554

1. An Office of Fair Employment Practices ("OFEP") Special Master ruled in Dr. Moore's favor on the first charge in May 1989, awarding him retroactive instatement as a full professor as well as back pay and attorney fees. This ruling was affirmed by the superior court, which then remanded the case for a determination of the amount of back pay and attorney fees. For the back pay hearing before the Special Master, Dr. Moore utilized the services of an attorney appointed and paid by OFEP. After the hearing, the Special Master issued a supplemental order on back pay and attorney fees, awarding Dr. Moore an amount which included attorney fees of $150/hour for counsel's work with respect to the back pay hearing. The Board petitioned for judicial review of this portion of the award only. The Board raised several arguments, including the argument that the rate of $150/hour was unreasonable, but relied primarily on the then recently decided case *Dept. of Corrections v. Finney*, 203 Ga. App. 445 (416 SE2d 805) (1992), which held that an award of attorney fees for work before the Special Master is inappropriate where the complainant is represented by an attorney provided by OFEP.[1] The superior court rejected the Board's assertions with respect to the reasonableness of the $150 rate, but reversed the challenged award of attorney fees based on *Finney*. The superior court then pointed out that *Finney* applied only to counsel's services before the Special Master and proceeded to award Dr. Moore attorney fees for his counsel's services before the superior court on the Board's petition for judicial review of the improper attorney fee award below. We granted the Board's application for discretionary appeal to review this last attorney fee award, and now reverse.

OCGA § 45-19-39 (c) provides that "[i]f, upon judicial review of any order of a special master . . . , the court rules in favor of the complainant, then the court may in its discretion render an award of reasonable attorney's fees and costs of litigation in the superior court to the complainant." In this case, the superior court did not rule in Dr. Moore's favor on the Board's appeal of the supplemental order. Contrary to Dr. Moore's assertion, the earlier ruling that the Board had discriminated and retaliated against Dr. Moore did not establish Dr. Moore as the prevailing party with respect to all issues in all re-

---

[1] This ruling was subsequently affirmed in *Finney v. Dept. of Corrections*, 263 Ga. 301 (1) (434 SE2d 45) (1993), but on different grounds: the Supreme Court held that a complainant who incurs no attorney fees should not be awarded attorney fees because he is only entitled by statute to "actual damages."

lated proceedings; nor did the superior court's rejection of one of the Board's arguments in dicta constitute a ruling in Dr. Moore's favor. The bottom line is that the court agreed with the Board on the dispositive issue on appeal and reversed the appealed award of attorney fees. Accordingly, the trial court did not have discretion to award Dr. Moore attorney fees under OCGA § 45-19-39 (c) and erred in doing so.

*Case No. A93A1556*

2. The supplemental order on back pay and attorney fees in the first case was issued and appealed to the superior court in November 1991. In December 1991, the Special Master issued an order in the second case, finding that the Board was collaterally estopped from relitigating the issue of its discrimination and retaliation against Dr. Moore. As the Special Master had already ordered retroactive instatement and back pay in the first case, the Special Master fashioned an alternative remedy in the second case: It mandated the establishment of a "race relations" program at Albany State College and fined two individuals who had committed discriminatory and retaliatory acts. Also in December 1991, the Board appealed this order, contending that collateral estoppel should not apply and that the Special Master's remedy exceeded her authority. In its petitions for judicial review in both the first case, filed in November 1991, and the second case, filed in December 1991, the Board asked the court to establish a briefing schedule; and the petition in the second case suggested that the cases be consolidated for oral argument. The court accepted this suggestion, and in a letter to the parties citing both case numbers stated that it was consolidating the two cases and requested that the Board file its brief by February 28, 1992. The Board requested an extension, which was granted. However, the Board did not file a brief in the second case by the extended deadline, and when Dr. Moore filed a motion to dismiss the appeal for failure to file a brief, the Board did not respond to that motion either. The Board's counsel says he failed to understand that the briefing schedule applied to both cases, and further failed to realize that the motion to dismiss addressed the second rather than the first case. The Board still had not filed a brief when oral argument was held on April 8, 1992, and the court orally dismissed the appeal in the second case at that time. On April 24, 1992, the Board filed a motion for reconsideration of the dismissal, with a copy of its brief on the merits of the appeal attached. Dr. Moore responded to the motion for reconsideration and filed its own motion to strike the Board's untimely brief. The superior court denied the Board's motion for reconsideration, granted Dr. Moore's motion to strike and awarded Dr. Moore attorney fees for the

appeal at a rate of $175/hour.

The Board contends the superior court abused its discretion in dismissing its petition for judicial review for failure to file its brief in a timely manner. We agree. While the court below has authority to control its docket and regulate the business of the court, its discretion in doing so is not without limit. See *Kraft, Inc. v. Abad*, 262 Ga. 336 (417 SE2d 317) (1992). Dr. Moore cites several cases in which this court dismissed appeals when the appellants failed to file their briefs in a timely manner, arguing that these cases provide authority for the dismissal in this case by analogy. See, e.g., *Rutledge v. Northbank Liquor Store*, 176 Ga. App. 243 (335 SE2d 479) (1985); *Thomas v. Ragle*, 173 Ga. App. 367 (326 SE2d 488) (1985). However, we dismissed these appeals pursuant to Court of Appeals Rule 14 (a), and only after the appellant failed to comply with this court's order to file.

Although petitioners for judicial review of an administrative decision have the right to file briefs if they wish to do so under OCGA § 50-13-19 (g), briefs are not required for superior court review of such decisions as a general matter. The Board indicated its desire to file a brief in this case, but this does not change the fact that the statutory scheme contemplates that superior court review of a Special Master's decision can and often will be accomplished without briefing. Because the dismissal of the Board's appeal occurred in the superior court and because it occurred in a context in which briefs are not required as a general matter, we think the more apt analogy is to Uniform Superior Court Rule 14. Under this rule, the court may dismiss an action without prejudice if the plaintiff fails to appear for the call of the action for trial or other proceeding. In *Kraft*, 262 Ga. at 336-337, the plaintiff failed to appear for trial. The superior court did not dismiss the case, but proceeded to hear the defendant's evidence and arguments and decided the case against plaintiff on the merits. The Court of Appeals reversed, ruling that the lower court was limited to the sanction provided in the rule — dismissal without prejudice. See *Abad v. Kraft, Inc.*, 201 Ga. App. 523 (411 SE2d 500) (1991). This ruling was in turn reversed by the Supreme Court. *Kraft*, 262 Ga. at 336-337. The majority in *Kraft* recognized that dismissal of the case with prejudice would have been an abuse of discretion but rejected the argument that the procedure followed by the superior court was effectively the same as a dismissal on the merits. It held that the superior court had various options available to it under its broad authority to control its docket and regulate its business, and that its course of deciding the case on the merits but without plaintiff's evidence and argument was not an abuse of discretion. Id.

Applying the *Kraft* analysis to the facts of this case, we conclude that the superior court abused its discretion in dismissing the Board's petition for judicial review for failure to file a brief in a timely man-

ner. However, we agree that the Board's neglect was inexcusable, cf. *U. S. Xpress v. W. Timothy Askew & Co.*, 194 Ga. App. 730 (391 SE2d 707) (1990) (mistake coupled with press of business does not make neglect excusable in context of opening default), and hold that the superior court's grant of Dr. Moore's motion to strike was a proper exercise of its broad authority to control its docket and regulate the business of the court. We therefore reverse the dismissal but affirm the grant of the motion to strike the Board's brief. Indeed, the resulting procedure on remand, where the superior court should proceed to decide the merits of the appeal on the basis of the record (and Dr. Moore's brief if he chooses to file one),[2] without considering the Board's stricken brief, will be remarkably similar to the one-sided trial procedure approved in *Kraft*.

3. The Board also argues that the superior court erred in awarding Dr. Moore attorney fees for the appeal at the rate of $175/hour. However, Dr. Moore submitted affidavits showing that this rate was well within the range of reasonableness for an experienced civil rights attorney in the Atlanta area and explaining why Dr. Moore had to go outside of Albany, to Atlanta, to obtain the services of such an attorney. Accordingly, if the superior court rules in Dr. Moore's favor on remand, it would be authorized to award attorney fees at the rate of $175/hour.

*Judgment in Case No. A93A1554 reversed. Judgment in Case No. A93A1556 reversed in part, affirmed in part and remanded for further proceedings consistent with this opinion. Birdsong, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 21, 1993.

*Michael J. Bowers, Attorney General, Dennis R. Dunn, Senior Assistant Attorney General*, for appellant.

*Elizabeth J. Appley*, for appellee.

---

[2] In light of our ruling that the Board's brief will not be considered and the fact that the Board will probably have to pay attorney fees for the appeal if it loses, the Board may choose to simply dismiss its appeal voluntarily.