A93A1387. ROBINSON v. DEPARTMENT OF CORRECTIONS.
A93A1388. DEPARTMENT OF CORRECTIONS v. ROBINSON.
A93A1389. ROBINSON v. DEPARTMENT OF CORRECTIONS.
A93A1514. ROBINSON v. DEPARTMENT OF CORRECTIONS.
(438 SE2d 190)

BEASLEY, Presiding Judge.

This case involves attorney fee awards for representation on appeal to the superior court under the Fair Employment Practices Act, OCGA § 45-19-20 et seq., specifically OCGA § 45-19-39 (c).

Williams filed complaints with the Georgia Office of Fair Employment Practices (OFEP), alleging that she had been unlawfully denied employment at two Department of Corrections penal institutions because of her race and sex.

A special master entered findings of fact and conclusions of law in favor of Williams on the issue of unlawful discrimination. He denied her request for attorney fees on the ground that, because she was not obligated to pay any attorney fees either on a contingent basis or otherwise, to grant such would exceed that to which she was entitled, i.e., actual damages only, citing OCGA § 45-19-38 (d).

Williams petitioned for judicial review, enumerating as error the special master's deduction of unemployment compensation benefits from her back pay award, refusal to award prejudgment interest, and refusal to award attorney fees. The department cross-petitioned, challenging the special master's findings and conclusions.

The superior court concluded that each of Williams' enumerations was meritorious. In its order, the court noted only one contention by the department, which related to the timeliness of an amendment to Williams' complaint, and rejected it. As to attorney fees, the court held that "the attorney's fee statute authorizes courts to award reasonable attorney's fees to the prevailing civil rights litigant, and as such, it is appropriate to award fees to the Petitioner. Accordingly, that part of the Special Master's order declining to award attorney's fees is reversed and remanded." The court found that Williams' attorney had agreed to represent her "on a *pro bono* basis, and at a reduced hourly rate to be paid by OFEP without regard to outcome." The court did not rule on Williams' request for attorney fees incurred in the judicial review but instead remanded that, too, despite reference to OCGA § 45-19-39 (c), the statute authorizing courts to award fees. No application for discretionary review from this final order was filed by either party under OCGA § 5-6-35 (a) (1).

On remand, the special master awarded attorney fees in connection with counsel's representation before the special master and required counsel to reimburse OFEP for fees paid by it. It refused to rule on attorney fees incurred in pursuing judicial review, correctly concluding that § 45-19-39 (c) authorizes only the superior courts to

decide this issue.

Williams filed a "supplemental" petition for judicial review and "motion" in the superior court in which she sought attorney fees for counsel's representation in the prior appeal to superior court. This was in effect a new appeal pursuant to § 45-19-39, even though it was given the same case number as the prior action. As such, it was timely, having been filed within 30 days of the special master's final order. OCGA § 45-19-39 (a). The department did not file a cross-petition.

The superior court denied the "supplemental" petition on the ground that Williams' counsel was provided to her by OFEP and was not retained at her own expense. It cited *Dept. of Corrections v. Finney*, 203 Ga. App. 445 (416 SE2d 805) (1992), as controlling. Williams moved for reconsideration, on the ground that *Finney* did not preclude attorney fees for the time expended by counsel in superior court, in that Williams' attorney was not paid by OFEP for activities in superior court. There was a fee arrangement between Williams and her attorney under which she agreed to pay to counsel only any fee award given in the state administrative or judicial proceeding or as a result of filing an action in federal court.

While the motion for reconsideration was pending, Williams applied for discretionary appeal of the court's two orders, insofar as they denied attorney fees for the time expended by counsel before the court. The application was granted, effective only as to the second order; the application for review was too late with respect to the first order, which similarly was a final order. Williams filed a timely notice of appeal in Case No. A93A1387 on July 1. It is valid insofar as it relates to the second order.

Also on July 1, the superior court vacated its second order upon reconsideration of *Finney* and granted Williams' request for attorney fees incurred in superior court, both for the initial judicial review and for bringing the motion for reconsideration.[1] On July 4, Williams died. On July 27, the department applied for discretionary appeal of the July 1 order. Permission was granted, and the department filed a timely notice of appeal in what is now Case No. A93A1388.

Williams' attorney then filed a notice of cross-appeal of the July 1 order, Case No. A93A1389, in Williams' name. Seven months later, Robinson, the administrator of Williams' estate, also filed an identical notice of cross-appeal from the July 1 order, Case No. A93A1514. A substitution of parties should have been effected instead. OCGA § 9-11-25 (a) (1). In any event, the two appeals (A93A1389 and

---

[1] It entered a separate order denying Williams' second "supplemental" petition, on an unrelated issue. This separate order was not appealed.

A93A1514) are actually one and proceed in the name of the administrator as the proper party, as does the appeal by the department.

1. Both administrator Robinson and the department acknowledge, correctly, that the superior court was without jurisdiction to enter the July 1 order granting Williams' motion for reconsideration. The filing of the application for discretionary appeal divested the court of power to effect the judgment. OCGA § 5-6-35 (h). Even if it vacated the judgment appealed and reached a different and proper result, it must be reversed because it is void. *Park v. Minton*, 229 Ga. 765, 769 (3) (194 SE2d 465) (1972). Consequently, the judgment in Case Nos. A93A1388, A93A1389, and A93A1514 is reversed.

2. In *Finney v. Dept. of Corrections*, 263 Ga. 301 (1) (434 SE2d 45) (1993), a three-justice plurality of the Supreme Court held that where a FEPA claimant is not contractually obligated to pay counsel, the special master is not authorized to award attorney fees since OCGA § 45-19-38 (d) states that "[a]ny monetary award ordered pursuant to this article [Article 2] shall be for actual damages only." The plurality did not consider that, regardless of the claimant's contractual relationship with her representative, an attorney's fee is a real cost whether OFEP pays it, the claimant pays it, her relatives or friends pay it, or the attorney foregoes it. In so holding, the plurality distinguished a special master's implicit authority under OCGA § 45-19-38 to award reasonable attorney fees to a successful claimant, as held in *Kilmark v. Bd. of Regents*, 175 Ga. App. 857, 870 (5) (334 SE2d 890) (1985), from OCGA § 45-19-39 (c).

The latter section expressly authorizes a superior court in its discretion to award reasonable attorney fees and costs of litigation if, upon judicial review of any order of a special master, the court rules in favor of the complainant. In Division 2, the plurality recognized that Sections 38 and 39 are significantly different and held that the issue of Finney's entitlement to a recovery under OCGA § 45-19-39 (c) was "an entirely separate issue from" her entitlement to a recovery of attorney fees in the special master proceeding. *Finney*, supra at 303. The case was remanded to this Court with direction to address the issues of whether Finney might be eligible to recover attorney fees pursuant to OCGA § 45-19-39 (c) and, if so, whether the superior court erred in failing to make such an award. No decision has been reached yet.

The two-justice special concurrence in *Finney* would hold that the determinative factor for the opportunity for a special master to award attorney fees to the prevailing party is whether the party has obtained counsel appointed by OFEP pursuant to OCGA § 45-19-27 (3) or retained private counsel at his or her own expense pursuant to OCGA § 45-19-37 (i). The special concurrence states that "since Finney's attorney at the superior court level was not compensated under

the contract with the OFEP administrator, see OCGA § 45-19-27 (3), unlike the proceedings before the special master, Finney would not be precluded from a fee award under the rationale of this special concurrence." *Finney*, supra at 305, n. 2.

The two-justice dissent in *Finney* would hold that a prevailing FEPA claimant is entitled to an award of reasonable attorney fees at both the special master and superior court levels irrespective of the amount of the attorney fees actually incurred and irrespective of whether the attorney was appointed by OFEP. The dissent's reference to the "reasonable attorney fee provisions of OCGA § 45-19-38 (c)" is to the implied authority for such, inasmuch as subsection (c) contains a non-inclusive list of remedies, but it does not expressly mention attorney fees.

Under *Finney*, and as we understand OCGA § 45-19-39 (c), a superior court has discretion under that section to award reasonable attorney fees to the complainant in whose favor the court rules, even if, as here, the complainant is not obligated to pay an attorney fee in the absence of an award. First, this result obtains under the special concurrence and dissent, which constitute the majority in *Finney*. It would seem that the result would also obtain under the plurality opinion.[2]

Second, § 45-19-39 (c)'s provision for attorney fees and costs of litigation in the superior court was added to the 1978 Fair Employment Practices Act in 1983. Ga. L. 1983, pp. 1097, 1112. Compare Ga. L. 1978, pp. 859, 872-873, § 17. It expresses part of the legislature's compensatory goals in the achievement of redress for an aggrieved person against a discriminatory state agency. The law authorizes but does not compel such an award when the underlying ruling is in favor of complainant. Making such an award is in the court's discretion. The award, if it is to be made, is to be for "reasonable" attorney fees. There is no other qualifier, condition, or restriction. An award is not limited to those cases in which counsel is not appointed by OFEP under § 45-19-27 (3), or for those in which complainant is contractually obligated to pay counsel. The fee arrangement does not conclusively establish eligibility or noneligibility for attorney fees.

---

[2] It could be argued, however, that the plurality view is that OCGA § 45-19-38 (d)'s actual damage limitation for monetary awards "pursuant to this *article*" is also applicable to an award of attorney fees under OCGA § 45-19-39 (c), and that the plurality contemplated the determinative threshold issue on remand as being whether Finney was obligated to pay her attorney any fee for the appeal to superior court.

But, the plurality's recognition of this as "an entirely separate issue from" the issue of attorney fees at the special master level indicates that different standards apply. In Division 1 the plurality cites federal statutes cast in language comparable to OCGA § 45-19-39 (c) and approvingly cites federal decisions holding that under these statutes the private fee arrangement as between the prevailing party and counsel is not determinative as to either the recovery of attorney fees or the amount thereof.

In analyzing § 45-19-39 (c) and its relationship with § 45-19-38 (d), we conclude that there is none. Section 45-19-38 (d) states that "Any monetary award ordered pursuant to this article shall be for actual damages only." Although the reference is to "this article," which encompasses the whole Fair Employment Practices Act, it relates to the "award" and the "award" is what the special master orders as remedial. The provision was in the original act, when there was no express authorization for the judicial body, upon *review* of the administrative body's award, to award attorney fees and costs of litigation in the superior court. The meaning of § 45-19-38 (d) did not change with the introduction of an express authorization to the superior court with respect to attorney fees. When reviewing its history, it is clear that it refers to the remedies ordered at the administrative level, by the special master. Section 45-19-39 (c) provides a remedy over and above that of the special master. It is not governed by § 45-19-38 (d) but instead by its own terms.

Furthermore, the term "actual damages" in Georgia has traditionally meant compensatory damages and does not include punitive damages and attorney fees. See, e.g., *Money v. Thompson & Green Machinery Co.*, 155 Ga. App. 566, 567 (271 SE2d 699) (1980); *Hudson v. Abercrombie*, 258 Ga. 729, 730 (2a) (374 SE2d 83) (1988). They are allowed by contract or statute. Here, as was held in *Kilmark*, supra, and affirmed by the Georgia Supreme Court in *Finney*, § 45-19-38 (c) in context inherently authorizes the special master to award them. That section begins: "Remedial action under this Code section may include but is not limited to" and lists, non-exclusively, certain types of remedies authorized. As indicated in *Kilmark*, supra at 870 (5), the remedial authority of the special master under what is now OCGA § 45-19-38 is "expansive."

Robinson seeks attorney fees for Williams' initial appeal to superior court, under that statute. She seeks reversal of the superior court's second order on the ground that where the ruling of the court, which is within its discretion, shows that no discretion was in fact exercised, and the judgment rendered is based upon an erroneous view of the law which would preclude the exercise of discretion, reversal results. *Mark Inn v. Dept. of Transp.*, 174 Ga. App. 420, 421 (1) (330 SE2d 134) (1985). It does appear that the court's denial of Williams' attorney fee request in its order was based upon its erroneous assumption that *Finney* precluded an award of an attorney fee because OFEP was compensating counsel for services rendered in connection with the appeal to superior court. Since OFEP compensation is limited to the special master's proceeding, § 45-19-27 (3), and since all of the superior court rulings were in favor of Williams on the first appeal, the court does have discretion to award fees.

Consequently, in Case No. A93A1387, the court's order is re-

versed, and the case is remanded to the court for exercise of its discretion pursuant to § 45-19-39 (c) and in conformity herewith.

*Judgment in Case No. A93A1387 reversed and case remanded. Judgment in Case Nos. A93A1388, A93A1389, and A93A1514 reversed. Cooper and Smith, JJ., concur.*

DECIDED NOVEMBER 24, 1993.

*Stroup & Coleman, Robert H. Stroup,* for appellant.

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Terry L. Long, Assistant Attorney General,* for appellee.