A91A2022, A91A2023. DEPARTMENT OF CORRECTIONS
v. FINNEY; and vice versa.
(442 SE2d 13)

BLACKBURN, Judge.

Shirley Finney successfully pursed a claim of racial discrimination in a disciplinary action against the Georgia Department of Corrections before the Georgia Office of Fair Employment Practices (OFEP) under the Fair Employment Practices Act, OCGA § 45-19-20 et seq. After the administrative hearing before a special master, Finney was awarded reinstatement, back pay, and reasonable attorney fees, notwithstanding the fact that Finney did not incur any attorney fees because her attorney had been provided by OFEP. On appeal, the Superior Court of Baldwin County affirmed the decision of the special master. Thereafter, we granted the Department of Corrections' application for discretionary appeal.

In *Dept. of Corrections v. Finney*, 203 Ga. App. 445 (416 SE2d 805) (1992), we held that the special master's award of attorney fees

to Finney was inappropriate because Finney's attorney was provided by OFEP at its expense and at no charge to Finney. Based upon this holding, we did not address the issue raised by Finney in her cross-appeal that she was entitled to attorney fees under OCGA § 45-19-39 (c) because we concluded that the issue was moot.

The Supreme Court granted Finney's petition for writ of certiorari, and in *Finney v. Dept. of Corrections*, 263 Ga. 301 (434 SE2d 45) (1993), the three-justice plurality held that under the Fair Employment Practices Act, attorney fees are not authorized for the special master proceeding where fees are not incurred by the successful complainant. In so holding, the Court relied upon OCGA § 45-19-38 (d), which specifically limits any monetary award to the actual damages incurred by the complainant. The plurality, however, remanded the case to this court for a determination of whether Finney may be eligible for attorney fees under OCGA § 45-19-39 (c) for judicial review of the special master's award, and if so, whether the superior court erred in failing to make such an award of attorney fees, inasmuch as these issues were not addressed by this court earlier. The court recognized that Finney's entitlement to a recovery under OCGA § 45-19-39 (c) is a separate and distinct issue from her entitlement to a recovery of fees in the special master proceeding.

"OCGA § 45-19-39 (c) provides that '(i)f, upon judicial review of any order of a special master . . . , the court rules in favor of the complainant, then the court *may in its discretion* render an award of reasonable attorney's fees and costs of litigation in the superior court to the complainant.'" (Emphasis supplied.) *Bd. of Regents v. Moore*, 210 Ga. App. 623, 624 (436 SE2d 789) (1993). Recently, in *Robinson v. Dept. of Corrections*, 211 Ga. App. 134 (438 SE2d 190) (1993), we remanded the case to the trial court for an exercise of its discretion under this Code section, because the court denied the complainant's request for attorney fees based upon our decision in *Finney*. However, as the *Robinson* court noted, OFEP's compensation for a complainant's attorney under the Fair Employment Practices Act is limited to special master's proceedings. See OCGA § 45-19-27 (3).

In the case sub judice, as in *Robinson*, although the trial court ruled in favor of Finney on the Department of Corrections' appeal of the order of the special master, the trial court failed to exercise its discretion to determine whether Finney was entitled to attorney fees for this review pursuant to OCGA § 45-19-39 (c). Consequently, the case is remanded to the trial court for the exercise of its discretion in accordance with that Code section.

*Case remanded with direction. McMurray, P. J., and Andrews, J., concur.*

DECIDED MARCH 15, 1994.

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Terry L. Long, Assistant Attorney General*, for appellant.

*Stroup & Coleman, Robert H. Stroup*, for appellee.