A94A2648. DEPARTMENT OF CORRECTIONS v. ROBINSON.
(455 SE2d 323)

POPE, Presiding Judge.

After Williams[1] filed complaints with the Georgia Office of Fair Employment Practices ("OFEP"), a special master found that the Georgia Department of Corrections ("DOC") unlawfully discriminated against Williams in the selection of correctional officers at two of its institutions. The special master awarded Williams back pay, but denied her request for attorney fees. Williams appealed pursuant to OCGA § 45-19-39, and the superior court reversed the special master's denial of attorney fees and remanded the case to the special master for a determination of the amount of attorney fees. (This order of the superior court is referred to herein as the "8-1-91 Order.") The 8-1-91 Order was not appealed. On remand the special master awarded Williams $50,508.49 in attorney fees, and DOC appealed to the superior court. However, the superior court refused to rule on the merits of the appeal, holding that the attorney fees issue was res judicata based on the unappealed 8-1-91 Order. We granted DOC's appli-

[1] Robinson is administrator of Williams' estate.

cation for discretionary appeal and now reverse.

1. A superior court order remanding a case back to an administrative tribunal is not an appealable final judgment, *State Health &c. Bd. v. Piedmont Hosp.*, 173 Ga. App. 450 (326 SE2d 814) (1985), and thus is not binding for res judicata purposes. See *Costanzo v. Jones*, 200 Ga. App. 806 (2) (b) (409 SE2d 686) (1991); *Lexington Developers v. O'Neal Constr. Co.*, 143 Ga. App. 440 (238 SE2d 770) (1977). As noted above, the superior court's 8-1-91 Order remanded this case back to the OFEP special master, and thus could not be an appealable final order. Nonetheless, Robinson suggests we are bound to treat the 8-1-91 Order as an appealable final judgment based on language in *Robinson v. Dept. of Corrections*, 211 Ga. App. 134, 135 (438 SE2d 190) (1993) ("*Robinson I*"), a previous appeal in this case which referred to the 8-1-91 Order as a final judgment. This language was not pertinent to the issue addressed in *Robinson I*, and to the extent it suggested the 8-1-91 Order was final with respect to the remanded question of attorney fees for work before the special master, it was incorrect dicta and cannot be relied on to deprive DOC of its right to appeal. It follows that the superior court erred in concluding that a review of the attorney fees award on the merits was barred by res judicata. See also *Johnson v. G. A. B. Business Svcs.*, 170 Ga. App. 686, 687 (2) (318 SE2d 78) (1984) (where the amount of attorney fees had not been determined at the time of an earlier appeal, the doctrine of res judicata does not bar a subsequent appeal challenging the propriety of the award of attorney fees).

Accordingly, the superior court should have addressed the merits of DOC's appeal and we remand to allow that court to consider DOC's arguments with respect to the propriety of the award of attorney fees. We note that if, as DOC contends, Williams used an attorney provided through OFEP at no actual cost to herself, the award should be reversed under *Finney v. Dept. of Corrections*, 263 Ga. 301 (1) (434 SE2d 45) (1993).

2. Robinson's motions to dismiss this appeal for mootness and want of jurisdiction, as well as her motion to vacate our order consolidating/supplementing the record, are denied. See OCGA § 5-6-30; *Seaton v. Aetna Cas. &c. Co.*, 189 Ga. App. 546, 547 (1) (376 SE2d 712) (1988).

*Judgment reversed and case remanded. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 7, 1995.

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Terry L. Long, Assistant Attorney General,* for appellant.

*Stroup & Coleman, Robert H. Stroup, Elizabeth V. Rogan,* for appellee.